MICHAEL K. JEANES
Clerk of the Superior Court
By REGINA ROMERO, Deputy
Date 04/05/2013 Time 16:09:29

| Description | Amount |
|---|---|
| CASE# CV2013-003897 | |
| CIVIL NEW COMPLAINT | 309.00 |
| TOTAL AMOUNT | 309.00 |
| Receipt# 22888833 | |

**LAW OFFICES OF PAUL J. SACCO, P.C.**
Attorneys at Law
4500 South Lakeshore Drive, Suite 540
Tempe, Arizona 85282
(480) 777-0600

Paul J. Sacco   010710

Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CHERYL LEGER and LARRY LEGER, husband and wife, <br><br> Plaintiff(s), <br><br> vs. <br><br> ENCOMPASS INSURANCE COMPANY OF AMERICA, a property & casualty insurer; JOHN DOES I-X; JANE DOES I-X; ABC-XYZ CORPORATIONS; BLACK AND WHITE PARTNERSHIPS, <br><br> Defendant(s). | Case No. <br><br> CV2013-003897 <br> **COMPLAINT** <br><br> (Tort – Breach of Contract; Bad Faith) |

Plaintiffs, by and through undersigned counsel, for their Complaint against Defendants, allege as follows:

1. Plaintiffs, CHERYL LEGER and LARRY LEGER, are husband and wife, and were at all times relevant hereto, a resident of Maricopa County, Arizona.

2. Defendant ENCOMPASS INSURANCE OF AMERICA is a property & casualty insurer duly licensed and doing business within Maricopa County, Arizona.

3. Defendant ENCOMPASS INSURANCE OF AMERICA is legally responsible for the acts of its agents, employees and/or contractors under Respondeat Superior or otherwise.

4. Defendants JOHN DOES I-X; JANE DOES I-X; ABC-XYZ CORPORATIONS and BLACK AND WHITE PARTNERSHIPS are fictitious names and Plaintiff will amend the Complaint when their true and correct names are ascertained.

5. On December 16, 2009, at 9:17 a.m., Plaintiff CHERYL LEGER was driving westbound on Missouri Avenue at or near the intersection with North 16th Street in Phoenix, Arizona.

6. Jason link failed to stop for a red light at the intersection of 16th Street and Missouri and collided with the vehicle driven by Plaintiff, CHERYL LEGER.

7. The collision between Plaintiffs' vehicle and the vehicle driven by Jason Link was proximately caused by the sole negligence of Jason Link because of his failure to stop for a red traffic signal, his failure to control his vehicle so as to avoid an accident.

8. As a direct and proximate result of the negligence of Jason Link, Plaintiff CHERYL LEGER has suffered physical and mental injuries, incurred past and future medical expenses, limitation of her normal activities, interests and hobbies, past and future expenses in the form of loss of income, and incurred monetary damages in the form of property damage, loss of value and repairs.

9. As a result of the negligence of Jason Link, Plaintiffs suffered damage to the marital relationship between the Plaintiffs.

10. Upon information and belief, Jason Link was uninsured at the time of this collision.

11. Plaintiffs had a contract with Defendant ENCOMPASS INSURANCE OF AMERICA through policy number 262198267, and said policy included uninsured motorist coverage.

12. A claim for uninsured motorist benefits was presented to Defendant on or about August 6, 2012. Plaintiffs made timely and proper notice of said claim, have satisfied all conditions precedent to bringing this action, and has responded to all reasonable demands of Defendant pursuant to the provisions of the policy of uninsured motorist coverage.

13. Defendant has delayed the subject claim, failed to adequately investigate, and then failed to extend adequate uninsured motorist benefits to Plaintiffs under the above-referenced policy. Such failure constitutes a breach of contract of Defendant's obligations to Plaintiffs, including, but not limited to, the implied covenant of good faith and fair dealing.

14. Defendant's acts of bad faith were done intentionally with a willful disregard for the rights of Plaintiffs so as to justify the award of punitive damages.

15. Defendant ENCOMPASS committed tort of bad faith of denial of Plaintiffs' claim.

WHEREFORE, Plaintiffs pray for judgment against Defendants ENCOMPASS INSURANCE OF AMERICA, a property & casualty insurer, jointly and severally, as follows:

    a. Compensatory damages, including, but not limited to, general damages, special damages, and consequential damages, in amounts to be determined by this Court;

    b. For punitive damages in an amount to be determined by this Court;

    c. For loss of consortium in an amount to be determined by this Court;

    d. Attorney's fees and taxable costs, pursuant to A.R.S. §12-341.01, to be determined by this Court; and

    e. Such other and further relief as the Court may deem just and equitable.

DATED this 5 day of April, 2013.

LAW OFFICES OF PAUL J. SACCO, P.C.

By: _____
Paul J. Sacco, Esq.
4500 S. Lakeshore Dr., Ste. 540
Tempe, AZ 85282
Attorneys for Plaintiffs